PER CURIAM.
Goldberg, Semet, Lickstein, Morgenstem & Berger, P.A. (GSLM & B), appeals the dismissal of its third party complaint against Chicago Title Insurance Company (Chicago Title) and Herman T. Isis. We affirm.
T. Willard Investments, Inc. (Willard) sold a parcel of real property in Dade County to Gisele Fashik and took back a purchase money second mortgage from her. Willard hired Chicago Title and its agent, Isis, to prepare a title insurance policy covering the property. The policy failed to disclose an outstanding federal tax lien on the property. Subsequent to the sale, Fashik defaulted on the mortgage and Willard hired GSLM & B to foreclose on the property. In foreclosing, GSLM & B relied upon the policy prepared by Chicago Title and Isis to determine if there were any liens against the property. After the foreclosure proceedings had concluded, Willard discovered that there had been an outstanding Internal Revenue Service (IRS) tax lien against the property at the time of foreclosure, and that the lien remained outstanding because GSLM & B had failed to join the IRS as a party.
When Willard refused to pay GSLM & B for services rendered in connection with the foreclosure, GSLM & B brought suit to recover its fees. Willard filed a counterclaim for damages it suffered as the result of GSLM & B’s alleged negligence in failing to join the IRS, contending that because the property remained encumbered Willard incurred costs due to lost sales opportunities and property upkeep. GSLM & B then filed a third party complaint against Chicago Title and Isis, alleging that Chicago Title and Isis breached a duty owed to GSLM & B by negligently failing to disclose the existence of the IRS tax lien in the title insurance policy issued to GSLM & B’s client, Willard. GSLM & B alleged that therefore it is entitled to be indemnified by Chicago Title and Isis for any damages it suffers as a result of that negligence. The trial court dismissed GSLM & B’s third party complaint, and GSLM & B appeals.
GSLM & B contends that it was foreseeable that Willard would give the title policy to an attorney, such as GSLM & B, to rely upon, and therefore Chicago Title and Isis owed a duty to GSLM & B. We disagree. *45 Our supreme court rejected “open-ended liability” for abstracters and title insurers in First Am. Title Ins. Co. v. First Title Serv. Co., 457 So.2d 467, 472 (Fla.1984), stating that:
To hold an abstracter liable to every stranger to the contract of employment who might happen to come to see and rely on the abstract would be like holding a title insurer liable to anyone who knows of the issuance of an insurance policy but who has not paid a premium. For the reasons stated we decline to expose abstracters to liability to any person who foreseeably relies on a negligently prepared abstract to his detriment.
The duty of due care in issuing a title insurance policy extended only to third persons whom Chicago Title and Isis could reasonably have expected their employer, Willard, to furnish with the policy for purposes of inducing reliance thereon. First Am. Title Ins. Co., 457 So.2d at 472. Therefore, the question in the present case is whether Chicago Title and Isis should have expected Willard to give the title insurance policy to GSLM & B to rely upon for purposes of discovering all outstanding liens. Even if we were to accept that this was the purpose for which the insurance policy was prepared, neither Chicago Title nor Isis had any reason to expect that Willard would eventually give the policy to an attorney, hired subsequent to the transaction for which the policy was prepared, so that the attorney could rely upon it in foreclosing on the property. Although it may have been reasonably foreseeable that a third person such as GSLM & B might one day rely upon the policy, this is insufficient to create a duty on the part of Chicago Title or Isis.
GSLM & B further asserts that because it was merely acting on behalf of Willard, the duty owed to Willard by Chicago Title and Isis extended to GSLM & B. We are unpersuaded by this argument. Although persons otherwise lacking privity might acquire a cause of action against a company for the negligent preparation of a title policy through the existence of a relationship with one in privity with the negligent preparer, Safeco Title Ins. Co. v. Reynolds, 452 So.2d 45 (Fla. 2d DCA 1984), that relationship must exist at the time of the transaction for which the title policy is prepared. See First Am. Title Ins., 457 So.2d at 473. In this case, GSLM & B did not represent Willard at the time Willard commissioned Chicago Title and Isis to prepare the policy. Nor did it represent Willard in the sale of the property for which the policy was prepared. GSLM & B’s relationship with Willard arose subsequent to that transaction. Therefore, the duty owed by Chicago Title and Isis to Willard did not extend to GSLM & B.
Since Chicago Title and Isis owed no duty to GSLM & B the trial court properly dismissed GSLM & B’s third party complaint. Accordingly, the order under review is
Affirmed.
HENDRY and NESBITT, JJ., concur.